TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

RICHARD M. RAND          2773-0
(rmr@torkildson.com)
TAMARA M. GERRARD         6153-0
(tmg@torkildson.com)
HEATHER M. RICKENBRODE   8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
CONSOLIDATED AMUSEMENT
COMPANY, LTD. AND JOHN TELLIS

**LODGED**

DEC 0 6 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE,<br><br>          Plaintiff,<br><br>     v.<br><br>CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager,<br><br>          Defendants. | CIVIL NO.  CV04 00116 DAE LEK<br><br>DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JOHN TELLIS' EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR; DECLARATION OF TAMARA M. GERRARD; DECLARATION OF HEATHER M. RICKENBRODE; EXHIBITS "A" THROUGH "H"; ORDER GRANTING DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JOHN TELLIS' EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR; |

614614.V1

EXHIBIT "A"

CERTIFICATE OF SERVICE
DATE: January 20, 2006
TIME: 9 am
JUDGE: Leslie Kobayashi

## DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JOHN TELLIS' EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR

Defendants and Judgment Creditors CONSOLIDATED AMUSEMENT COMPANY, LTD. and JOHN TELLIS, by and through their undersigned attorneys, hereby move this Honorable Court, ex parte, for an order to be made and entered herein citing Plaintiff and Judgment Debtor Gilbert Githere to appear before this Honorable Court in its courtroom in Honolulu, Hawaii for examination as a judgment debtor, as provided by law.

This Motion is made pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, as amended, the Declarations and Exhibits attached hereto and made a part hereof, and the pleadings and records in this action.

DATED:  Honolulu, Hawaii, December 6, 2005.

TORKILDSON, KATZ, FONSECA, MOORE & HETHERINGTON, Attorneys at Law, A Law Corporation

RICHARD M. RAND
TAMARA M. GERRARD
HEATHER M. RICKENBRODE
Attorneys for Defendants

614614.V1                          -2-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE, | CIVIL NO.  CV04 00116 DAE LEK |
| Plaintiff, | DECLARATION OF TAMARA M. GERRARD |
| v. | |
| CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager, | |
| Defendants. | |

## DECLARATION OF TAMARA M. GERRARD

I, TAMARA M. GERRARD, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.      I am an attorney duly licensed to practice in the State of Hawaii and represent Defendants and Judgment Creditors CONSOLIDATED AMUSEMENT CORPORATION, LTD and JOHN TELLIS (hereinafter "Judgment Creditors") in the above-entitled matter.  All statements herein are made upon personal knowledge unless otherwise specified.

2.      On July 26, 2005 Judgment was entered in this action in favor of Defendants and against Plaintiff and Judgment Debtor GILBERT GITHERE (hereinafter "Judgment Debtor").  Attached hereto as Exhibit "A" is a true and correct copy of the Judgment.

614614.VI

3.     On that date, the Court issued its Order Granting Defendants Aloha Stadium Authority, Inc. and Stephen Lee's Motion to Dismiss Second Amended Complaint; Granting Defendants Consolidated Amusement Company, Ltd. and Jon Tellis' Motion for Summary Judgment; and Denying Plaintiff's Motion to Amend Complaint and Counter Motion for Summary Judgment. Attached hereto as Exhibit "B" is a true and correct copy of that Order.

4.     On August 10, 2005, Judgment Creditors filed their Bill of Costs and Memorandum in Support of Bill of Costs. This Court awarded costs taxed in the amount of $4,495.01 on September 6, 2005. Attached hereto as Exhibit "C" is a true and correct copy of the Bill of Costs taxed against Judgment Debtor.

5.     Judgment Creditors are still the owner and holder of the Judgment, and the principal sum of $4,495.01 remains due, owing, and unpaid by Judgment Debtor.

6.     I sent a letter to Judgment Debtor's counsel on September 7, 2005 requesting immediate payment of the principal sum. Attached hereto as Exhibit "D" is a true and correct copy of that letter.

7.     Judgment Debtor never responded to my September 7, 2005 letter.

8.    There is an appeal pending by Judgment Debtor from the Judgment.  The Judgment, however, has not been reversed or set aside, and remains in full force and effect as against Judgment Debtor.

9.    Plaintiff filed a Motion to Stay Execution of Defendants' Bill of Costs on October 3, 2005.  Attached hereto as Exhibit "E" is a true and correct copy of that motion.

10.    Plaintiff's Motion to Stay Execution of Defendants' Bill of Costs was denied without prejudice by the Ninth Circuit on November 28, 2005. Attached hereto as Exhibit "F" is a true and correct copy of the Ninth Circuit's Order.

11.    This Ex Parte Motion is being made to obtain an order by the court to examine Judgment Debtor in order to enforce this Court's Judgment.

Executed this 6th day of December, 2005 at Honolulu, Hawaii.


TAMARA M. GERRARD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE, | CIVIL NO.  CV04 00116 DAE LEK |
| Plaintiff, | DECLARATION OF HEATHER M. RICKENBRODE |
| v. | |
| CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager, | |
| Defendants. | |

## DECLARATION OF HEATHER M. RICKENBRODE

I, HEATHER M. RICKENBRODE, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.      I am an attorney duly licensed to practice in the State of Hawaii and represent Defendants and Judgment Creditors CONSOLIDATED AMUSEMENT CORPORATION, LTD and JOHN TELLIS (hereinafter "Judgment Creditors") in the above-entitled matter.

2.      I sent a letter to Judgment Debtor's counsel on November 15, 2005 requesting immediate payment of the principal sum, and informing him that Judgment Creditors would be filing the instant Motion if the sum remained unpaid by November 28, 2005.  Attached hereto as Exhibit "G" is a true and correct copy of that letter.

614614.V1

3.     Judgment Debtor never responded to my November 15, 2005 letter.

4.     I sent a letter to Judgment Debtor's counsel on December 1, 2005 requesting immediate payment of the principal sum, and informing him that Judgment Creditors would be filing the instant Motion if the sum remained unpaid by December 6, 2005.  Attached hereto as Exhibit "H" is a true and correct copy of that letter.

5.     Judgment Debtor never responded to my December 1, 2005 letter.

Executed this 6th day of December, 2005 at Honolulu, Hawaii.


_Heather M. Rickenbrode_
HEATHER M. RICKENBRODE



AO 450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## — DISTRICT OF HAWAII —

GILBERT GITHERE

Plaintiff(s),

V.

CONSOLIDATED AMUSEMENT
COMPANY, LTD., ALOHA STADIUM
AUTHORITY, INC., LENNY (DOE),
JOHN TELLES, STEPHEN LEE,
ALOHA STADIUM AUTHORITY

Defendant(s).

JUDGMENT IN A CIVIL CASE

Case: CV 04-00116 DAE-LEK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

July 26, 2005

At 4 o'clock and 00 min p.m.
SUE BEITIA, CLERK

[ ]   **Jury Verdict.**  This action came before the Court for a trial by jury. The issues have
been tried and the jury has rendered its verdict.

[✓]   **Decision by Court.**  This action came for consideration before the Court. The issues
have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendants
and against the Plaintiff, pursuant to the "Order Granting Defendants Aloha Stadium
Authority, Inc. and Stephen Lee's Motion to Dismiss Second Amended Complaint;
Granting Defendants Consolidated Amusement Company, Ltd. and Jon Telles' Motion
for Summary Judgment; and Denying Plaintiff's Motion to Amend Complaint and
Counter Motion for Summary Judgment", filed July 26, 2005.

July 26, 2005
_____
Date

SUE BEITIA
_____
Clerk

_____
(By) Deputy Clerk

EXHIBIT "A"

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GILBERT GITHERE, | CV NO 04-00116 DAE-LEK |
| Plaintiff, | |
| vs. | |
| CONSOLIDATED AMUSEMENT COMPANY, LTD., ALOHA STADIUM AUTHORITY, INC., LENNY (DOE), JON TELLES, STEPHEN LEE, ALOHA STADIUM AUTHORITY, | |
| Defendants. | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 6 2005

at _9_ o'clock and _DY_ min. _A_ N
SUE BEITIA, CLERK

ORDER GRANTING DEFENDANTS ALOHA STADIUM AUTHORITY, INC.
AND STEPHEN LEE'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT; GRANTING DEFENDANTS CONSOLIDATED AMUSEMENT
COMPANY, LTD. AND JON TELLES' MOTION FOR SUMMARY
JUDGMENT; AND DENYING PLAINTIFF'S MOTION TO AMEND
COMPLAINT AND COUNTER MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendants' and Plaintiff's

motions and the supporting and opposing memoranda, the Court GRANTS

Defendants Aloha Stadium Authority, Inc. and Stephen Lee's Motion to Dismiss

Second Amended Complaint Filed on March 28, 2005; GRANTS Defendants

EXHIBIT "B"

Consolidated Amusement Company, Ltd. and Jon Telles' Motion for Summary Judgment; and DENIES Plaintiff's Motion to Amend Complaint and Counter Motion for Summary Judgment.

## BACKGROUND

I.    Factual background

In this action, Plaintiff Gilbert Githere ("Plaintiff") is suing Defendants Consolidated Amusement Company, Ltd. ("Consolidated Amusement"), Aloha Stadium Authority, Inc. ("Aloha Stadium"), Lenny (Doe) ("Lenny"), Jon Telles ("Telles"), and Stephen Lee ("Lee") (collectively "Defendants"), for incidents stemming from Plaintiff's operation of a business at the Aloha Stadium Swap Meet.

Plaintiff alleges childhood polio caused a weak leg and also a limp. On May 25, 2003, Telles, a general manager of Consolidated Amusement, allegedly refused to grant Plaintiff a reasonable parking accommodation despite his polio condition. Plaintiff alleges Telles subsequently ordered his truck towed. Plaintiff alleges the above conduct constitutes discrimination on the basis of Plaintiff's race and disability. Plaintiff states he is an African-American and is disabled because of his polio related conditions.

Plaintiff also states the week after Telles towed his car, Plaintiff met with Mr. Manny Tanchio, the building manager of Aloha Stadium and described the incident. According to Plaintiff, Mr. Tanchio told Plaintiff he would have the situation taken care of immediately. Plaintiff also states Mr. Tanchio directed the Aloha Stadium parking staff to allow Plaintiff to park his truck next to his tent or area of business for the Swap Meet.

Plaintiff alleges on June 23, 2004, Telles retaliated against him by barring him from continuing business at the Swap Meet. Specifically, Plaintiff states he arrived at the Swap Meet on June 23 and participated in the morning lottery to win a vendor stall. He maintains upon reporting to the stall he drew in the lottery, two other vendors already occupied the location. He further states that after speaking with the supervisors operating the lottery, he learned the stall he drew was given unfairly to an individual outside the lottery system. Plaintiff states while double booking stalls occurred in the past, it worsened after he filed his complaint with the Hawaii Civil Rights Commission ("HCRC").

Plaintiff was eventually given another stall, however, the stall was reserved by a permanent vendor. Plaintiff states he walked around the entire Swap Meet attempting to find Telles to report the situation. Telles finally arrived at the second stall given to Plaintiff. Plaintiff contends he told Telles he was entitled to

3

sell his wares at the new location because the permanent vendor arrived late. Telles allegedly ordered B. Morris, a Honolulu Police Department ("HPD") officer, to dismantle Plaintiff's stall. Plaintiff also states Telles and Officer Morris discussed arresting him, however Officer Morris allegedly told Telles there was insufficient cause to arrest him.

Plaintiff next states Telles and Officer Morris agreed to help him dismantle his tent and take it to a third stall. Plaintiff avers he demanded his check for the stall be refunded, given he already wasted two hours of his morning trying to find an unoccupied stall. Plaintiff states as he left his truck, Officer Morris told him he was giving Plaintiff a trespass order, and if Plaintiff showed up again at the Swap Meet, he would be arrested.

Plaintiff showed up at the Swap Meet the following Saturday and Telles instructed him to leave because he was trespassing. Plaintiff responded by saying he never received any writing regarding the trespass order, to which Telles stated the appropriate paperwork was available at the Pearl City Police Station. Plaintiff states that although he never received a written trespass order, he was physically prevented from entering the Swap Meet premises.

II.   Procedural background

On September 10, 2004, this Court issued an Order Granting Defendants' Motion to Dismiss (the original Complaint) Without Prejudice and Granting Plaintiff's Motion for Leave to Amend Complaint within thirty days of the order.  In accordance with the September 10, 2004 Order, Plaintiff filed his First Amended Complaint on October 8, 2004.  Aloha Stadium filed its Motion to Dismiss First Amended Complaint on October 26, 2004.  On March 18, 2005, this Court issued an Order Granting Defendants' Motion to Dismiss (the First Amended Complaint) Without Prejudice and Granting Plaintiff's Motion for Leave to Amend within ten days of the order.  On March 28, 2005, Plaintiff filed his Second Amended Complaint.  On April 8, 2005, Defendants Aloha Stadium and Lee filed their Motion to Dismiss Second Amended Complaint.  On June 17, 2005, Plaintiff filed an Opposition to Defendants Aloha Stadium and Lee's Motion to Dismiss Second Amended Complaint.

Concurrently, on March 23, 2005, Consolidated Amusement and Telles filed a Motion for Summary Judgment.  On June 2, 2005, Plaintiff filed an Opposition to Consolidated Amusement and Telles' Motion for Summary Judgment.  On June 9, 2005, Consolidated Amusement and Telles filed a Reply to Plaintiff's Opposition.

5

## STANDARD OF REVIEW

I.    <u>Motion to dismiss</u>

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  Dismissal for failure to state a claim is a ruling on a question of law.  <u>Parks Sch. of Bus., Inc., v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). Review is limited to the contents of the complaint, <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994), including any attached exhibits, <u>Symington</u>, 51 F.3d at 1484.  To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."  Fed. R. Civ. P. 12(b); <u>Del Monte Dunes at Monterey, Ltd. v. City of Monterey</u>, 920 F.2d 1496, 1507 (9th Cir. 1990).

6

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. Id. From the facts alleged, the court must draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg, 18 F.3d at 754-55.

II.    Summary judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n

7

v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party can neither stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. T.W. Elec. Serv., 809 F.2d at 630; Fed. R. Civ. P. 56(e). In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

DISCUSSION

I.    Aloha Stadium and Lee's Motion to Dismiss Second Amended Complaint

Local Rule 7.4 requires oppositions to motions to be served and filed not less than eighteen days prior to the hearing date. LR 7.4. Local Rule 11.1 authorizes the imposition of fines, dismissal, or other appropriate sanctions when counsel fails to comply with any provision of the Local Rules. LR 11.1. This court is authorized to impose sanctions sua sponte. Id.

Here, Aloha Stadium and Lee filed a Motion to Dismiss Second Amended Complaint on April 8, 2005. Aloha Stadium and Lee certified service via U.S. mail on April 8, 2005. Local Rule 7.4 required Plaintiff's Opposition to be filed not less than eighteen days prior to the hearing. Plaintiff filed his Opposition on June 17, 2005, more than two weeks late. Plaintiff's untimely

8

opposition prevented Aloha Stadium and Lee from filing a reply. Plaintiff's only explanation for the untimely submission was, "[s]omehow, Plaintiff's counsel did not receive the Defendant's second motion." Opposition at 2. Plaintiff did not apply for, nor was Plaintiff granted an extension. For these reasons, the Court is not required to give Plaintiff's Opposition consideration. However, even given consideration, Plaintiff's Opposition does not adequately counter Aloha Stadium and Lee's Motion to Dismiss.

On March 18, 2005, when granting Aloha Stadium's Motion to Dismiss First Amended Complaint, this Court noted Plaintiff's failure to make sufficiently specific allegations of discrimination on the basis of either race or disability. Githere v. Consolidated Amusement Corporation, Inc., Aloha Stadium Authority, Inc., and John Tellis, CV 04-00116 DAE-LEK. Furthermore, this Court noted Plaintiff's failure to sufficiently allege any improper action or inaction by Aloha Stadium. Id. Here, Plaintiff's allegations against Aloha Stadium remain substantially unchanged. The Court cannot identify any new or amended allegations against Aloha Stadium achieving the requisite level of specificity required in a complaint. Therefore, dismissal of Plaintiff's complaint against Aloha Stadium remains warranted.

9

Plaintiff modified the First Amended Complaint noticeably in two respects. First, Paragraph 6 identifies Lee as an employee of Aloha Stadium and alleges discrimination on the basis of Plaintiff's handicapped status. Second Amended Complaint, 3-4. Second, in the first paragraph labeled 21, Plaintiff further alleges Lee's discrimination on the basis of Plaintiff's handicap. Second Amended Complaint, 6. Lee is also mentioned in Paragraphs 33 and 34 but without change from the First Amended Complaint. Id. at 9. Plaintiff alleges Lee discriminated against him by calling a tow truck. Id. at 3. These bare allegations are insufficient to constitute a claim upon which relief can be granted. Plaintiff fails to demonstrate any connection between his handicap and Lee's calling a tow truck. Therefore, the Court GRANTS Aloha Stadium and Lee's Motion to Dismiss Second Amended Complaint.

II.    <u>Plaintiff's Motion to Amend</u>

Leave to amend under the Federal Rules of Civil Procedure 15(a) is given freely when justice requires and is applied with extreme liberality. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987). Despite this generous standard the amendment of a complaint cannot cause the opposing party undue prejudice, be sought in bad faith, or be an exercise in futility. <u>Id.</u>

10

Here, Plaintiff had two opportunities to amend his Complaint. This Court identified specific deficiencies with Plaintiff's Complaint on two separate occasions. Furthermore, while granting Plaintiff's Motion to Amend the First Amended Complaint, this Court noted it would be the final opportunity for Plaintiff to amend his Complaint. Because Plaintiff failed to state a claim upon which relief could be granted given three opportunities, this Motion for Leave to Amend is DENIED.

III.   Defendants Consolidated Amusement and Telles' Motion for Summary Judgment

Consolidated Amusement and Telles filed their Motion for Summary Judgment prior to Plaintiff's filing of his Second Amended Complaint. However, the sequence does not impact Consolidated Amusement and Telles' Motion, as Plaintiff's Second Amended Complaint is substantially the same as his First Amended Complaint. As noted above, the two noticeable changes from the First to the Second Amended Complaints were Lee's employment by Aloha Stadium and Lee's alleged acts of discrimination. These changes do not impact Consolidated Amusement and Telles' Motion for Summary Judgment.

Injunctive relief is inappropriate because Consolidated Amusement no longer operates the Aloha Stadium Swap Meet. As to the remaining causes of

11

action, while Plaintiff alleges use of a racial slur, he alleges only a single incident and fails to establish a sufficient connection to the issuance of the trespass order. Even accepting Plaintiff's allegation of use of a racial slur as true, more is required. Plaintiff fails to allege any connection between this single remark and the subsequent police action. Plaintiff also fails to reconcile his observed belligerent behavior and his claims of racial motivation. Therefore, summary judgment is appropriate.

Furthermore, Plaintiff does not allege any facts supporting a theory of conspiracy, actions under the color of state law, or state causes of action. Finally, it is unclear to the Court whether Plaintiff required any further accommodation. Therefore, the Court GRANTS Consolidated Amusement and Telles' Motion for Summary Judgment. If the Plaintiff has a cause of action here it lies under state law, not federal law given the fact that Plaintiff has essentially plead a case of lack of fair and appropriate treatment based upon a personal dislike or at most a personal animosity – not discrimination based upon race or disability.

IV.    <u>Plaintiff's Counter Motion for Summary Judgment</u>

This Court is unable to extract from Plaintiff's Motion why he should be entitled to judgment as a matter of law. Plaintiff's Motion simply restates

12

allegations made throughout the Complaint without providing anything more.

Therefore, Plaintiff's Counter Motion for Summary Judgment is DENIED.

CONCLUSION

For the reasons stated above, the court GRANTS Aloha Stadium and Lee's Motion to Dismiss; GRANTS Consolidated Amusement and Telles' Motion for Summary Judgment; and DENIES Plaintiff's Motion to Amend Complaint and Counter Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, _____JUL 2 6 2005_____

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Consolidated Amusement Company, Ltd., Aloha Stadium Authority, Inc., Lenny (Doe), Jon Telles, and Stephen Lee, CV No. 04-00116 DAE-LEK; ORDER GRANTING ALOHA STADIUM AND STEPHEN LEE'S MOTION TO DISMISS; GRANTING DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JON TELLES' MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND COUNTER MOTION FOR SUMMARY JUDGMENT

13

✎AO 133    (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT
### District of Hawaii

GILBERT GITHERE

### V.

CONSOLIDATED AMUSEMENT CORP., INC.

**BILL OF COSTS**

Case Number:  **04-00116 DAE LEK**

Judgment having been entered in the above entitled action on **7/26/2005** against **Plaintiff Gilbert Githere** ,
the Clerk is requested to tax the following as costs:
<sub>Date</sub>

| | | |
|---|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 270.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | | 3,376.28 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 473.73 |
| Fees for witnesses (itemize on reverse side) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 36.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . | | 339.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | | |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| | **TOTAL** $ | **4,495.01** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to:  Andre Wooten, Esq., 1188 Bishop St., #1909, Hon☐ .

Signature of Attorney:

Name of Attorney:  Tamara M. Gerrard, Esq., Torkildson, Katz, Fonseca, Moore & Hetherington

For:  Defendants Consolidated Amusement Co., Ltd. and Jon Telles                Date:  August 10, 2005
<sub>Name of Claiming Party</sub>

Costs are taxed in the amount of  **$4,495.01**                              and included in the judgment.

**Sue Beitia**                          By: _____  (SEAL)      **September 6, 2005**
Clerk of Court                              Deputy Clerk                          <sub>Date</sub>



EXHIBIT "C"

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Officer Todd Manabat | 1 | 18.00 | | | | | $18.00 |
| Officer Brian Morris | 1 | 18.00 | | | | | $18.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $36.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
  "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
  "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
  "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
  "Entry of the judgment shall not be delayed for the taxing of costs."

# TORKILDSON, KATZ, FONSECA,
# MOORE & HETHERINGTON

ATTORNEYS AT LAW, A LAW CORPORATION
700 BISHOP STREET, 15TH FLOOR
HONOLULU, HAWAII 96813-4187
TELEPHONE (808) 523-6000 • FACSIMILE (808) 523-6001

TAMARA M. GERRARD
E-MAIL: TMG@TORKILDSON.COM

September 7, 2005

<u>By Hand Delivery</u>

Andre' S. Wooten, Esq.
Attorney at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, HI  96813

Re:    <u>Gilbert Githere v. Consolidated Amusement Company, et al;</u>
       Civil No. 04-00116 DAE/LEK

Dear Mr. Wooten:

The Court has taxed costs in the amount of $4,495.01.  A copy of the Bill of Costs is enclosed for your convenience.  Please provide us with a check in that amount payable to Federal Insurance Company.

Very truly yours,

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON
Attorneys At Law, A Law Corporation

Tamara M. Gerrard

TMG/kmb

609487.V1

# EXHIBIT "D"

AO 133    (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT
## District of Hawaii

GILBERT GITHERE

V.

CONSOLIDATED AMUSEMENT CORP., INC.

## BILL OF COSTS

Case Number:  04-00116 DAE LEK

Judgment having been entered in the above entitled action on __7/26/2005__ against __Plaintiff Gilbert Githere__ ,
Date

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................. $ | |
| Fees for service of summons and subpoena ................................ | 270.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 3,376.28 |
| Fees and disbursements for printing ................................... | 473.73 |
| Fees for witnesses (itemize on reverse side) ............................. | 36.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............ | 339.00 |
| Docket fees under 28 U.S.C. 1923 ...................................... | |
| Costs as shown on Mandate of Court of Appeals ........................... | |
| Compensation of court-appointed experts ................................ | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs (please itemize) ......................................... | |
| TOTAL  $ | 4,495.01 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Andre Wooten, Esq., 1188 Bishop St., #1909, Hon .

Signature of Attorney: _____

Name of Attorney:  Tamara M. Gerrard, Esq., Torkildson, Katz, Fonseca, Moore & Hetherington

For:  Defendants Consolidated Amusement Co., Ltd. and Jon Telles                Date: August 10, 2005

Name of Claiming Party

Costs are taxed in the amount of  $4,495.01                                      and included in the judgment.

Sue Beitia                          By: _____    SEAL          September 6, 2005
Clerk of Court                            Deputy Clerk                          Date

# EXHIBIT 3

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Officer Todd Manabat | 1 | 18.00 | | | | | $18.00 |
| Officer Brian Morris | 1 | 18.00 | | | | | $18.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $36.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

NO. 05-16738

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERT GITHERE,

Plaintiff-Appellant

vs.

CONSOLIDATED AMUSEMENT CORPORATION, INC.;
JOHN TELLIS, General Manager of Consolidated Amusement, Inc.,

Defendants-Appellees

AN APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

---

MOTION TO STAY EXECUTION OF DEFENDANTS CONSOLIDATED
AMUSEMENT CO., LTD. AND JON TELLES'S BILL OF COSTS

EXHIBIT 1

CERTIFICATE OF SERVICE

---

ANDRÉ S. WOOTEN    3887
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawai`i  96813
Telephone: (808) 545-4165

Attorney for Plaintiff-Appellant

EXHIBIT "E"

NO. 05-16738

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GILBERT GITHERE, | ) | CIVIL NO. 04-00116 DAE-LEK |
| | ) | |
| Plaintiff-Appellant, | ) | MOTION TO STAY EXECUTION OF |
| | ) | DEFENDANTS CONSOLIDATED |
| vs. | ) | AMUSEMENT CO., LTD. AND JON |
| | ) | TELLES'S BILL OF COSTS |
| CONSOLIDATED AMUSEMENT | ) | |
| CORPORATION INC.; JOHN | ) | |
| TELLIS, General Manager of | ) | |
| Consolidated Amusement Inc., | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALOHA STADIUM AUTHORITY | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MOTION TO STAY EXECUTION OF DEFENDANTS CONSOLIDATED
AMUSEMENT CO., LTD. AND JON TELLES'S BILL OF COSTS

Comes now Plaintiff-Appellant GILBERT GITHERE, by and through

his attorney of record, André S. Wooten, who hereby files this Motion for a stay of

any post-judgment collection proceedings related to this case during the pendency of

this appeal of the District Court's granting of the Defendants' Motion for Summary

Judgment.  Since the Notice of Appeal has been filed, the District Court lacks

jurisdiction to grant the requested stay relief.

       This Motion is brought pursuant to Rule 8 of the Federal Rules of

Appellate Procedure and the records and files of this case.

       DATED: Honolulu, Hawaii, _Sept. 23, 2005_

_____
ANDRE' S. WOOTEN
Attorney for Plaintiff-Appellant

AO 133    (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

## District of Hawaii

GILBERT GITHERE

V.

CONSOLIDATED AMUSEMENT CORP., INC.

### BILL OF COSTS

Case Number: 04-00116 DAE LEK

Judgment having been entered in the above entitled action on _____7/26/2005_____ against _____Plaintiff Gilbert Githere_____ ,
                                                                              Date

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................................. $ | |
| Fees for service of summons and subpoena ............................................... | 270.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 3,376.28 |
| Fees and disbursements for printing ....................................... | 473.73 |
| Fees for witnesses (itemize on reverse side) ............................... | 36.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............ | 339.00 |
| Docket fees under 28 U.S.C. 1923 ................................................. | |
| Costs as shown on Mandate of Court of Appeals ................................... | |
| Compensation of court-appointed experts .............................................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs (please itemize) ......................................................... | |
| TOTAL    $ | 4,495.01 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

---

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to:    Andre Wooten, Esq., 1188 Bishop St., #1909, Hon▪ .

Signature of Attorney: _____

Name of Attorney: ___Tamara M. Gerrard, Esq., Torkildson, Katz, Fonseca, Moore & Hetherington___

For: ___Defendants Consolidated Amusement Co., Ltd. and Jon Telles___    Date: _____
                   Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

_____    By: _____    _____
Clerk of Court                            Deputy Clerk                            Date



| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Officer Todd Manabat | 1 | 18.00 | | | | | $18.00 |
| Officer Brian Morris | 1 | 18.00 | | | | | $18.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $36.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

NO. 05-16738

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GILBERT GITHERE, | ) | CIVIL NO. 04-00116 DAE-LEK |
| | ) | |
| Plaintiff-Appellant, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| CONSOLIDATED AMUSEMENT | ) | |
| CORPORATION INC.; JOHN | ) | |
| TELLIS, General Manager of | ) | |
| Consolidated Amusement Inc., | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALOHA STADIUM AUTHORITY | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served

upon the following parties at their last-known address by means of hand delivery on

*September 27, 2005* .

RICHARD M. RAND, ESQ.
TAMARA M. GERRARD, ESQ.
Torkildson, Katz, Fonseca, Moore & Hetherington
700 Bishop St., 15th Floor
Honolulu, Hawaii 96813

Attorneys for Defendants-Appellees

DATED:   Honolulu, Hawaii,   Sept. 23, 2005

ANDRE' S. WOOTEN
Attorney for Plaintiff

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 8 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

GILBERT GITHERE,

     Plaintiff - Appellant,

v.

CONSOLIDATED AMUSEMENT
CORPORATION INC.; et al.,

     Defendants - Appellees,

and

ALOHA STADIUM AUTHORITY INC.,

     Defendant.

No. 05-16738

D.C. No. CV-04-00116-DAE
District of Hawaii,
Honolulu

ORDER

**RECEIVED**

DEC 0 1 2005

Torkildson, Katz, Fonseca,

Before:  WALLACE and LEAVY, Circuit Judges

    Appellant's motion to stay execution of bill of costs is denied without

prejudice to renewal following presentation to the district court.  *See* Fed. R. App.

P. 8(a).

    The previously established briefing schedule remains in effect.

S:\MOATT\Panelord\11.21.05\orders\ll2\05-16738.wpd

EXHIBIT "F"

# TORKILDSON, KATZ, FONSECA,
## MOORE & HETHERINGTON

ATTORNEYS AT LAW, A LAW CORPORATION
700 BISHOP STREET, 15TH FLOOR
HONOLULU, HAWAII 96813-4187
TELEPHONE (808) 523-6000 • FACSIMILE (808) 523-6001

TAMARA M. GERRARD
E-MAIL: TMG@TORKILDSON.COM

HEATHER M. RICKENBRODE
E-MAIL: HMR@TORKILDSON.COM

November 15, 2005

BY HAND DELIVERY

Andre' S. Wooten, Esq.
Attorney at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, HI 96813

Re:    Gilbert Githere v. Consolidated Amusement Company, et al;
Civil No. 04-00116 DAE/LEK

Dear Mr. Wooten:

This letter follows Ms. Gerrard's September 7, 2005 correspondence regarding the $4,495.01 that the Court has taxed in this matter. This amount remains outstanding and unpaid. Please provide us with a check in that amount payable to Federal Insurance Company, or post an appeal bond to cover these expenses by November 25, 2005. If you fail to pay or post a bond by that date, Consolidated Amusement Company is prepared to file an Ex Parte Motion for Examination of Judgment Debtor during the week of November 28, 2005 in order to collect this outstanding balance.

Very truly yours,

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON
Attorneys At Law, A Law Corporation

*Heather Rickenbrode*

Tamara M. Gerrard
Heather M. Rickenbrode

TMG/hmr

613491.V1

EXHIBIT "G"

# TORKILDSON, KATZ, FONSECA, MOORE & HETHERINGTON

ATTORNEYS AT LAW, A LAW CORPORATION
700 BISHOP STREET, 15TH FLOOR
HONOLULU, HAWAII 96813-4187
TELEPHONE (808) 523-6000 • FACSIMILE (808) 523-6001

TAMARA M. GERRARD
E-MAIL: TMG@TORKILDSON.COM

HEATHER M. RICKENBRODE
E-MAIL: HMR@TORKILDSON.COM

December 1, 2005

<u>BY HAND DELIVERY</u>

Andre' S. Wooten, Esq.
Attorney at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, HI 96813

Re:    Gilbert Githere v. Consolidated Amusement Company, et al;
       <u>Civil No. 04-00116 DAE/LEK</u>

Dear Mr. Wooten:

This letter follows Ms. Gerrard's September 7, 2005 correspondence and my November 15, 2005 correspondence regarding the $4,495.01 that the Court has taxed in this matter. This amount remains outstanding and unpaid, and the Ninth Circuit has denied Plaintiff's Motion to Stay Execution of Bill of Costs. Please provide us with a check for the outstanding amount payable to Federal Insurance Company, or post an appeal bond to cover these expenses by December 6, 2005. If you fail to pay or post a bond by that date, Consolidated Amusement Company intends to file an <u>Ex Parte</u> Motion for Examination of Judgment Debtor in order to collect this outstanding balance.

Very truly yours,

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON
Attorneys At Law, A Law Corporation

*Heather Rickenbrode*

Tamara M. Gerrard
Heather M. Rickenbrode

TMG/hmr

614622.V1

EXHIBIT "H"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE, | CIVIL NO. CV04 00116 DAE LEK |
| Plaintiff, | ORDER GRANTING DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JOHN TELLIS' EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR |
| v. | |
| CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager, | |
| Defendants. | |

ORDER GRANTING DEFENDANTS CONSOLIDATED AMUSEMENT
COMPANY, LTD. AND JOHN TELLIS' EX PARTE MOTION FOR
EXAMINATION OF JUDGMENT DEBTOR

TO:   GILBERT GITHERE, PLAINTIFF AND JUDGMENT DEBTOR.

IT IS HEREBY ORDERED that you, the above-named Judgment Debtor,

appear before the Honorable LESLIE E. KOBAYASHI _____, Judge of the above entitled

court, presiding in the above-entitled proceeding in the United States Courthouse,

PJKK Federal Building, 300 Ala Moana Boulevard, Honolulu Hawaii, on

JAN 2 0 2006
_____, the _____ day of _____, 2005, at the hour of

9:00 ____, 4 .m., then and there to be examined as to any and all property you may

own or have an interest in and what debts are owing to you.  Bring with you all

books, papers and documents you have showing and tending to show what

property you may own or have an interest in and what debts are owing to you.

THIS ORDER SHALL BE NULL AND VOID AND OF NO EFFECT IF NOT

SERVED ON OR BEFORE _____.

DATED:    Honolulu, Hawaii, _____DEC 0 6 2005_____

LESLIE E. KOBAYASHI
_____
Judge of the Above Entitled Court

_____
GILBERT GITHERE V. CONSOLIDATED AMUSEMENT CORPORATION,
LTD.; ALOHA STADIUM AUTHORITY, INC., AND JOHN TELLIS,
GENERAL MANAGER; Civil No. CV04 00116 DAE LEK; ORDER
GRANTING DEFENDANTS' EX-PARTE MOTION FOR EXAMINATION OF
JUDGMENT DEBTOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE, | CIVIL NO.  CV04 00116 DAE LEK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | |
| CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and accurate copy of the foregoing document was duly served upon the following individual(s) by hand delivery, addressed as follows:

Andre' S. Wooten, Esq.
1188 Bishop Street, Suite 1909
Honolulu, HI  96813

Attorney for Plaintiff
GILBERT GITHERE

614614.V1

John Cregor, Deputy Attorney
Department of the Attorney General
Labor Division
425 Queen Street
Honolulu, HI 96813

Attorney for Defendant
ALOHA STADIUM AUTHORITY, INC.

DATED:  Honolulu, Hawaii, December 6, 2005.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> _____
> RICHARD M. RAND
> TAMARA M. GERRARD
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> CONSOLIDATED AMUSEMENT
> COMPANY, LTD. and JOHN TELLIS

614614.V1                        -2-