

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

RICHARD M. RAND              2773-0
(rmr@torkildson.com)
TAMARA M. GERRARD            6153-0
(tmg@torkildson.com)
HEATHER M. RICKENBRODE       8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
CONSOLIDATED AMUSEMENT
COMPANY, LTD. AND JOHN TELLIS

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 6 2006

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager,<br><br>Defendants. | CIVIL NO. CV04 00116 DAE LEK<br><br>DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY, LTD. AND JOHN TELLIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF GILBERT GITHERE'S MOTION FOR STAY OF EXECUTION OF COLLECTION OF COSTS BILLED PENDING APPEAL; DECLARATION OF COUNSEL; EXHIBITS "A" – "D"; CERTIFICATE OF SERVICE |

618498.V1

DEFENDANTS CONSOLIDATED AMUSEMENT COMPANY,
LTD. AND JOHN TELLIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF
GILBERT GITHERE'S MOTION FOR STAY OF EXECUTION
OF COLLECTION OF COSTS BILLED PENDING APPEAL

## I.   INTRODUCTION

Plaintiff filed his Motion for Stay of Execution of Collection of Costs Billed Pending Appeal ("Motion") on December 6, 2005. To support the Motion, Plaintiff's counsel attached a declaration stating that the case is on appeal before the United States Court of Appeals for the Ninth Circuit, and that it would be burdensome for Plaintiff to pay the costs billed prior to the resolution of that appeal. Plaintiff's Motion should be denied because (a) he failed to comply with Federal Rule of Civil Procedure 62; (b) he has not alleged sufficient grounds to justify a stay; and (c) his Motion is an improper attempt to postpone payment, as he has failed to proceed with his appeal.

## II.   DISCUSSION

### A.   Plaintiff's Motion Should Be Denied Because Plaintiff Has Failed To Comply With The Requirements Of Federal Rule Of Civil Procedure 62

Generally, the enforcement of a final judgment is not stayed during the pendency of an appeal. United States v. Boyce, 148 F. Supp. 2d 1069, (S.D. Cal. 2001). Federal Rule of Civil Procedure 62 provides an exception in limited circumstances, stating in relevant part:

> (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay

>subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. Pro. 62(d). This language "establishes the general rule that losing parties in the district can obtain a stay pending appeal only by giving a supersedeas bond." Enserch Corp. v. Shand Morahan and Co., 918 F.2d 462 (5th Cir. 1990); United States v. United States Fishing Vessel Maylin, 130 F.R.D. 684 (S.D. Fla. 1990) (hereinafter "Maylin").

Since issuing a bond would "secure the appellees from a loss resulting from the stay of execution[,] ... a full supersedeas bond should therefore be required." Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n, No. C-97-2516 WHO, 2002 U.S. Dist. Lexis 2593 (N. D. Cal. 2002); see also Maylin, 130 F.R.D. at 686 (citing Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190 (5th Cir. 1979)); HCB Contractors v. Rouse & Assocs., 168 F.R.D. 508, 512 (E.D. Pa. 1995); Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992).

Rule 62(d) deprives the non-appealing party of its right to immediately enforce a valid judgment, and the supersedeas bond "protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." United States v. Buff, Case No. 97-1819-IEG

(JFS), 1998 U.S. Dist. Lexis 21262 (9th Cir. 1988) (citing Nat'l Labor Relations Bd. v. Westphal, 859 F.2d 818, 819 (D. Cal. 1998)).

Defendants' rights would not be protected if stay were granted in this case because Plaintiff provided no bond when he filed the Notice of Appeal, and failed to provide one in support of his Motion to Stay Execution of Bill of Costs. Plaintiff's decision to ignore the plain language of Rule 62(d), the very rule under which he has sought relief, justifies the denial of this Motion.[1] See United States v. Simmons, CV F 96-5948 AWI DLB, 2002 U.S. Dist. Lexis 11530 (D. Cal. 2002) ("[S]tay of the judgment will not automatically be issued without a supersedeas

---

[1] Plaintiff has not requested that this Court waive the supersedeas bond requirement established by Rule 62(d). Even if he had made such a request, it would be inappropriate under the facts of this case. While courts have discretion to waive the bond requirement, such discretion is applied in limited instances, taking into account: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position." United States v. Boyce, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001). The only argument Plaintiff has presented to support his motion to stay enforcement is that it would be burdensome to pay the judgment. This is insufficient grounds to stay execution pending appeal without posting a bond. Id. (holding that where the only argument presented by appellant was that there were not "sufficient funds to pay the judgment", such argument does not justify staying execution without requiring a supersedeas bond); Mitchell v. Burt & Cordon, P.C., Civil No. 93-438-FR, 1994 U.S. Dist. Lexis 3314 (D. Ore. 1994) (holding that a claim of insufficient funds without further evidence does not support a waiver of the supersedeas bond requirement).

bond.").

### B. Plaintiff's Motion Should Be Denied Because He Has Not Alleged Sufficient Grounds To Justify A Stay Of Execution

Since Plaintiff has failed to provide a supersedeas bond, he is not entitled to stay of execution as of right. Moreover, Plaintiff has failed to provide an adequate justification of his need for stay of execution, as appeal by a judgment debtor does not automatically eliminate a judgment creditor's right to collect on the judgment. At most, all stay of execution does is suspend time required for performance of a particular mandate that has already been established. Reed v. Rhodes, 472 F. Supp. 603 (N.D. Ohio 1979).

To support the Motion, Plaintiff counsel's declaration suggests that it would be rather burdensome for Plaintiff to pay the costs owed to Defendants. This is insufficient to justify a stay of execution. See United States v. Buff, Case No. 97-1819-IEG, 1998 U.S. Dist. Lexis 21262, *9 (S.D. Cal. 1998) (where appellant's only argument in favor of stay is his *in forma pauperis* status on appeal, such status "alone does not support a claim that the bond requirement should be waived, especially in light of this Court's finding about the original merit of [appellant's] argument") (citing Channel 20, Inc. v. World Wide Towers Serv., Inc., 607 F. Supp. 551, 565 (S.D. Tex. 1985) ("Financial ability is ..., in and of itself, immaterial to the question of whether a judgment should be stayed."); In re: Lang, Case No. 389-30567-P07, 1991 U.S. Dist. Lexis 3332 (D. Ore. 1991) (even where

appellants argue that execution of a judgment could result in the garnishment of wages and foreclosure against a family residence, they "have not presented any reason why they are unable to post a supersedeas bond in conjunction with their motion for a stay, and thus have not demonstrated that the interested of justice are best served by staying the judgment of this court without requiring such a bond").

In light of the foregoing, and because Plaintiff has offered no other substantive reason to justify a stay of execution, it is appropriate for Plaintiff's Motion to be denied.

### C. **Plaintiff's Motion Should Be Denied Because It Is An Improper Attempt To Postpone The Payment Of Costs Where Plaintiff Has Failed To Proceed With His Appeal**

Plaintiff's Motion is an improper attempt to postpone Defendants' collection of costs. Since Plaintiff filed his Notice of Appeal on August 25, 2005, he has failed to proceed any further with his appeal. Plaintiff failed to meet the December 12, 2005 deadline for filing his Opening Brief, set by the United States Court of Appeals for the Ninth Circuit on September 12, 2005. See Exhibit "A". Plaintiff filed an untimely Motion for Enlargement of Time to File Opening Brief on December 16, 2005, see Exhibit "B", which was granted by the Ninth Circuit on December 30, 2005. See Exhibit "C". The new deadline set for filing the Opening Brief was January 17, 2006. See id. Plaintiff filed a Motion for Second Enlargement of Time to File Opening Brief on January 3, 2006 ("Second Motion")

citing a failure to receive a transcript and "the impending Christmas and Holiday Season and family and other case commitments for counsel's time" as justifications for the extension. See Exhibit "D". The Ninth Circuit did not issue an Order granting Plaintiff's Second Motion prior to the January 17 deadline, and Plaintiff has failed to file an Opening Brief in this matter.

Plaintiff's inaction demonstrates a failure to prosecute Plaintiff's appeal, especially where he has not shown diligence and substantial need for a second enlargement of time, in disregard of the Circuit Advisory Committee Note to Rule 31-2.2 of the Ninth Circuit Rules. The Committee Note states:

> Multiple motions for extension of time to file a brief are disfavored, however, and the court may decline to grant relief if a successive motion fails to demonstrate diligence and substantial need.

9th Cir. R. 31-2.2, Circuit Advisory Committee Note. Plaintiff is also well aware that his inaction, demonstrated by a failure "to comply with the time schedule order[,] will result in automatic dismissal of the appeal" under Ninth Circuit Rule 42-1, as the September 12, 2005 Letter from the Office of the Clerk states as such. See Exhibit "A". Nonetheless, Plaintiff has demonstrated no intent to appeal this Court's decision, and Defendants continue to be prejudiced by Plaintiff's failure to pay the costs taxed against him on September 6, 2005 in the amount of $4,495.01. For this reason, it is improper to grant Plaintiff's Motion to Stay Execution of Bill of Costs.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for stay of exeution of collection of costs billed pending appeal.

DATED: Honolulu, Hawaii, February 6, 2006.

                                  TORKILDSON, KATZ, FONSECA,
                                  MOORE & HETHERINGTON,
                                  Attorneys at Law, A Law Corporation

                                  */s/ Heather Rickenbrode*
                                  RICHARD M. RAND
                                  TAMARA M. GERRARD
                                  HEATHER M. RICKENBRODE
                                  Attorneys for Defendants
                                  CONSOLIDATED AMUSEMENT
                                  COMPANY, LTD. and JOHN TELLIS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE,<br><br>        Plaintiff,<br><br>    v.<br><br>CONSOLIDATED AMUSEMENT CORPORATION, LTD.; ALOHA STADIUM AUTHORITY, INC., and John Tellis, General Manager,<br><br>        Defendants. | CIVIL NO. CV04 00116 DAE LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and accurate copy of the foregoing document was duly served upon the following individual(s) by hand delivery, addressed as follows:

André S. Wooten, Esq.
1188 Bishop Street, Suite 1909
Honolulu, HI 96813

Attorney for Plaintiff
GILBERT GITHERE

618498.V1

John Cregor, Deputy Attorney
Department of the Attorney General
Labor Division
425 Queen Street
Honolulu, HI 96813

Attorney for Defendant
ALOHA STADIUM AUTHORITY, INC.

DATED: Honolulu, Hawaii, February 6, 2006.

                    TORKILDSON, KATZ, FONSECA,
                    MOORE & HETHERINGTON,
                    Attorneys at Law, A Law Corporation

                    */s/ Heather Rickenbrode*
                    _____
                    RICHARD M. RAND
                    TAMARA M. GERRARD
                    HEATHER M. RICKENBRODE
                    Attorneys for Defendant
                    CONSOLIDATED AMUSEMENT
                    COMPANY, LTD. and JOHN TELLIS