

Cathy A. Catterson
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

September 12, 2005

RECEIVED SEP 1 5 2005

U.S. Court of Appeals Docket Number:   05-16738
Lower Court Docket No.:   CV-04-00116-DAE
Short Title:   Githere v. Consolidated Amusem

Dear Counsel:

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.

The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case. Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for designating and filing the reporter's transcript, if applicable, filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

The following information is being provided in an attempt to answer the most frequently asked questions regarding the appellate process. Please review this information very carefully. For convenience, we use the term "Circuit Rules" instead of "Rules of the United States Court of Appeals for the Ninth Circuit" and "FRAP" instead of "Federal Rules of Appellate Procedure."

Enclosed with this letter is an appellate processing schedule along with a case processing checklist to help you monitor the progress of your case.

**Appellants/Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

EXHIBIT "A"

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERT GITHERE,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CONSOLIDATED AMUSEMENT CORPORATION INC.; JOHN TELLIS, General Manger of Consolidated Amusement Inc.,<br><br>    Defendants - Appellees,<br><br>and<br><br>ALOHA STADIUM AUTHORITY INC.,<br><br>    Defendant. | No. 05-16738<br>D.C. No. CV-04-00116-DAE<br><br>**TIME SCHEDULE ORDER** |

The parties shall meet the following time schedule:

        Appellant/petitioner shall immediately file the civil appeals docketing statement (CADS), pursuant to Circuit Rule 33-1;

**9/6/05**    Appellant/petitioner shall notify appellee/respondent of transcripts to be ordered, pursuant to 9th Cir. R. 10-3.1(a);

**9/14/05**    Appellee/respondent shall notify appellant/petitioner of any additional transcripts needed, pursuant to 9th Cir. R. 10-3.1(b);

**9/26/05**    Appellant/petitioner shall file transcript order form with the district court and make payment arrangements with court reporter, pursuant to 9th Cir. R. 10-3.1;

| | |
|---|---|
| 10/25/05 | Court reporter shall file transcript in the district court, pursuant to FRAP 11(b) and 9th Cir. R. 11-1.1; |
| 12/12/05 | Appellant/petitioner's opening brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1; |
| 1/10/06 | The brief of appellee/respondent shall be filed and served, pursuant to FRAP 32 and 9th Cir. R. 32-1 |
| *** | The optional appellant/petitioner reply brief shall be filed and served within fourteen days of service of the appellee/respondent's brief, pursuant to FRAP 32 and 9th Cir. R. 32-1. |

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1**

**Appellants/Petitioners without representation of counsel in a prisoner appeal may have their case submitted on the briefs and record without oral argument, pursuant to FRAP 34(a). Within 10 days of the filing of the appellant's opening brief, parties may file a statement setting forth the reasons why, in the opinion of the parties, oral argument should be heard.**

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

By: Kwok K. Wong
Deputy Clerk

# OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## A. DIRECTORY OF THE CLERK'S OFFICE

### 1. Main Office - San Francisco

| Mailing Address (U.S. Postal Service) | Overnight Courier Services (Federal Express, Airborne, DHL, etc.) | Location (Street Address) |
|---|---|---|
| Office of the Clerk<br>U.S. Court of Appeals<br>Post Office Box 193939<br>San Francisco, CA 94119-3939 | Office of the Clerk<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103-1526 | Office of the Clerk<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, California |

Telephone Numbers

| | |
|---|---|
| General Information | (415) 556-9800 |
| Attorney Admissions, Forms | (415) 556-9800 |
| Attorney Admissions, Information/Admission Status | (415) 556-9373 |
| Administrative Agency, Tax Court, Original Proceedings and Criminal Appeals | (415) 556-9740 |
| Criminal Justice Act Vouchers | (415) 556-9771 |
| Civil Appeals | (415) 556-9730 |

### 2. Branch Offices - Pasadena and Seattle
(Branch Offices are authorized to accept limited emergency filings only. *See* 9th Cir. R. 27-3 All other filings must be submitted to the main office in San Francisco)

Pasadena, California

Office of the Clerk
U.S. Court of Appeals
125 South Grand Avenue
Pasadena, CA 91105
Telephone: (626) 229-7250

Seattle, Washington

Office of the Clerk
U.S. Court of Appeals
811 U.S. Courthouse
1010 Fifth Avenue
Seattle, WA 98104
Telephone: (206) 553-2937

## B. GOVERNING AUTHORITIES

The Federal Rules of Appellate Procedure (Fed. R. App. P.), augmented by the Ninth Circuit Rules of Practice (9th Cir. R), govern practice before this court. Copies of the rules are available from the Clerk's Offices in San Francisco, Pasadena and Seattle. Send a written request with self-addressed return mailing label. The rules are also found in annotated versions of Title 28 of the United States Code Annotated and at the court's website, www.ca9.uscourts.gov.

Counsel should study both Fed R. App. P and the Circuit Rules carefully. *Clerk's Office personnel should not be called upon to answer questions that can be answered by reference to the above-listed documents.*

rev.1/05

( 1 )

## C. ADMISSION TO THE BAR — THE NINTH CIRCUIT

An attorney must be admitted to the bar of the court before filing documents or participating in oral argument on behalf of a client. The prerequisites for admission may be found at Fed. R. App. P. 46(a) and at 9th Cir. R. 46-1.

Admission may be accomplished by mail or in open court. Admission in open court is discouraged and is infrequent. Admission by mail is accomplished by sending a written request marked Attn: Attorney Admission Form Request to our mailing address listed in the Clerk's Office Directory on Page 1. Forms also may be obtained from the Pasadena and Seattle offices. Once completed, the forms must be returned to the Clerk's Office in San Francisco for processing with the $190 admission fee. After an application is processed, counsel will be mailed a certificate of admission.

## D. NOTICES OF CHANGE OF ADDRESS

It is essential that counsel pursuing a case in this court keep the Clerk of Court advised of all changes in their address(es). To be effective, a notice of change of address must include:

1. a brief caption of the case,
2. the U.S. Court of Appeals docket number,
3. any new telephone number(s),
4. the name of the party being represented, and
5. the new street address and electronic mail address, if any.

**Failure to include the required information may result in important case papers being served at the wrong address.**

<u>Note</u>: A notice of change of address of counsel who is admitted to practice before the bar of this court but who is not representing a party at the time of change need not be submitted.

## E. MOTIONS PRACTICE

FRAP Rules 27 and 32(c)(1), and Circuit Rule 27 set forth the provisions for filing motions. In addition, the following practices apply:

1. **Practice, Generally**

If you request return of a conformed copy of your motion, enclose an extra copy of the motion and a self-addressed stamped envelope.

- Oral argument on written motions is heard only in limited circumstances and as directed by the court. FRAP 27(e). A notice of motion is not required. Fed. R. App. 27(a)(2)(C)ii)
- Motions may be supported by affidavit or declaration. 28 U.S.C. § 1746
- A proposed order form is not necessary. Fed. R. App. 27(a)(2)(C)(iii)
- Responses to a motion are due 8 business days from service of the motion. FRAP 27(a)(3)(A). Replies are due 5 business days from service of the response. FRAP 27(a)(4). *See also* FRAP 26(c). A response requesting affirmative relief must be styled in a manner to alert the court to that request. FRAP 27(a)(3)(B)

- Electronic service of motions and other documents is governed by Circuit Rule 25-3.3.
- A motion should provide the position of the opposing party with regard to the relief requested. Advisory Committee Note to Rule 27-1(5). *But see* 9th Cir. R. 31-2.2(b)(6)(statement regarding position of opposing party or statement why information unavailable required in motion for extension of time).
- Facsimile filing is only permitted in urgent circumstances and with advance authorization of court personnel. 9th Cir. R. 25-3.1

## 2. Motions for Extensions of Time to File the Trial Transcript

Fed.R.App.P. 11 and Circuit Rule 11-1.1 provide that the court reporter must file any motions for extensions of time to file the transcript. Therefore, *it is imperative that the appellant immediately provide the court reporter with the U.S. Court of Appeals docket number assigned to the appeal* to allow the court reporter to communicate with the court. If the reporter fails to move for an extension of time, appellant is required to file a 9th Cir. R. 11-1.2 notice.

## 3. Motions for Extensions of Time to File Briefs

Oral Extensions: If good cause is shown, the clerk, or circuit mediator in cases under the mediation program, may grant a request for a single extension of no more than 14 days to file the opening, answering and reply briefs only. Such extensions may be applied for and granted or denied by telephone; the extension of time will be entered on the court docket. Requests to the clerk should be directed to the following offices:

| | |
|---|---|
| Appeals originating from the Central and Southern Districts of California | 626/229-7261 |
| Appeals originating from the Districts of Alaska, Montana, Idaho, Oregon and Eastern and Western Washington | 206/553-0191 |
| All other districts | 415/556-9768 |

Prior to making the request, counsel must notify opposing counsel that a request for an oral extension will be sought. The grant of an extension of time by telephone bars further requests by way of written motion unless the motion demonstrates extraordinary and compelling circumstances; the previous filing of a motion for an extension of time precludes a telephonic request.

Counsel will also be requested to notify all other counsel immediately by letter to confirm the telephone extension of time and to advise counsel of corresponding amendments to the remainder of the schedule. A copy of the letter must be filed with the clerk of court at the time of filing the brief.

Written Extensions: Requests for extensions of time of greater than 14 days may be granted only upon written motion supported by a showing of diligence and substantial need, as follows:

The motion shall be filed *at least seven calendar days* before the expiration of the time prescribed for filing the brief, and shall be accompanied by an affidavit or declaration including all the recitals listed at 9th Cir. R. 31-2.2(b).:

The court expects a brief to be filed within any initially-requested extension of time. Circuit Advisory Note to Rule 31-2.2.

<u>Note</u>: Timely opposition filed after the motion is granted in whole or in part does not constitute a request to reconsider, vacate, or modify the disposition; a motion requesting that relief must be filed. Fed. R. App. P. 27(b).

4. <u>Motions for Bail Pending Appeal - 9th Cir. R. 9-1</u>

To ensure that the appeal is being pursued diligently, 9th Cir. R. 9 requires that the party seeking bail attach a certificate to the moving paper attesting that the appeal transcript has been ordered. Rule 9 should be carefully reviewed to ensure proper form and content of the motion.

5. <u>Emergency/Urgent Motions - Circuit Rule 27-3</u>

All emergency motions must conform with the provisions of 9th Cir. R. 27-3. Motions for procedural relief do not fall within the category of motions contemplated by 9th Cir. R. 27-3.

Prior to filing an emergency motion, the moving party should contact the Motions Attorney Unit in San Francisco. As with all filings, emergency motions should be filed with the Clerk in San Francisco. However, if action is needed on the same or next day and counsel has not been dilatory in seeking relief, an emergency motion may be filed in a divisional Court of Appeals clerk's office or, if such an office does not exist in the district from which the emergency arises, with an individual circuit judge. Counsel can obtain further information at the time notification is made to the Clerk, pursuant to 9th Cir. R. 27-3(1). Counsel must also transmit a copy of the motion, by overnight mail delivery, to the Clerk in San Francisco. If it appears either that the same day/next day relief is not necessary, or that the motion can otherwise be processed through the motions unit, the moving party will be directed to file the motion in San Francisco.

When it is necessary to notify the court outside of standard office hours that an emergency motion will be filed, the movant should call (415) 556-9800. The line is regularly monitored by court staff.

6. <u>Preliminary Injunction Appeals</u>

Appeals from the denial or award of preliminary injunctive relief will be expedited and may be submitted to a motions panel for decision upon completion of briefing. 9th Cir. R. 3-3. Oral argument will be scheduled only as directed by the panel.

F. **MEDIATION PROGRAM**

All civil cases in this court, with the exception of (a) appeals or petitions in which the appellant/petitioner is proceeding without the assistance of counsel; (b) appeals filed under 28 U.S.C. §§ 2241, 2254 and 2255; (c) petitions for writ under 28 U.S.C. § 1651; and (d) petitions for review of Board of Immigration Appeals, are subject to inclusion in the Mediation Program described at 9th Cir. R. 33-1. The primary purpose of the Program is to encourage the settlement of cases before this court.

The represented appellant or petitioner in a civil case or administrative proceeding is required to file a Civil Appeals Docketing Statement along with the notice of appeal or petition for review. If the Civil Appeals Docketing Statement does not accompany the notice of appeal to the district court the untimely statement should be submitted directly to the Court of Appeals. The Docketing Statement form is available from the Clerk's office of this court or any district court in the Circuit. The Docketing Statement form is also included as an appendix to the Circuit Rules. Any other party to the appeal may file with this court a single-page response to the

Docketing Statement within seven (7) days of the date of its service. The court will use the Docketing Statement and any response to determine whether to hold a prehearing conference in the case. Any party may request a conference by motion or by contacting the mediation unit at 415/556-9900.

If a conference is scheduled, counsel will receive notice of the date and time of the conference. Absent such notice, counsel should assume that the case has not been selected into the program and proceed with briefing as scheduled. Initial conferences are held by telephone, but subsequent conferences may be in person. Conferences will be conducted for the court by Mediation Attorneys.

## G. RECORD ON APPEAL

Circuit Rules 10 and 11 affect the procedural requirements for filing the record. These include the time schedule for designating the reporter's transcript, the form and content of the record and the time within which the formal record must be transmitted to the U.S. Court of Appeals.

### 1. Designating Reporter's Transcript

The parties must designate and order the court reporter's transcript within the time limits provided in Circuit Rule 10-3. *The appropriate Transcript Designation and Order Form should be used when ordering the transcript.* The forms are available from district court clerks' offices. If no transcript is needed, the form should be used to notify the district court. In criminal appeals, a designated district court deputy clerk will prepare and issue a time schedule order setting forth records and briefing due dates shortly after the filing of the notice of appeal. Please note that habeas corpus cases are considered civil cases, not criminal cases. In civil appeals, the time schedule order will be issued by the Court of Appeals at the time the case is docketed in the Court of Appeals.

If a party wishes to designate transcripts that have previously been prepared, a Transcript Designation and Order Form must be filed. The designation should indicate that the transcripts have previously been prepared. Delayed preparation of the transcript does not automatically toll the briefing schedule; counsel must move to amend under 9th Cir. R. 11-1.2 and indicate when the transcript was ordered, the date financial arrangements were made, the dates of hearing for which transcripts were not prepared, and the reporter's name(s).

### 2. Certificate of Record

After the transcript is filed in the district court or, alternatively, the district court clerk receives notice that no transcript will be ordered, the clerk of the district court files a "certificate of record" with the Clerk of the Court of Appeals, pursuant to Circuit Rule 11-2. The certificate, which will stand in the record's stead for the purpose of establishing a record filing date, must attest that all documents which will comprise the record, including the reporter's transcript, if any, are available to the parties in the trial court clerk's office.

### 3. Transmittal of the Record

Civil Cases: The district court clerk will forward the designated reporter's transcript within seven (7) days after notice of the filing of the appellee's brief. The clerk's record or pleadings will remain in the custody of the trial court clerk until requested by the Ninth Circuit. 9th Cir.R. 11-4.

Criminal Cases: The district court clerk will send designated portions of the reporter's transcript and the clerk's record or pleadings within seven (7) days after appellee's brief is filed. 9th Cir. R. 11-5.

In particular cases, the Court may require early transmission or additional copies of the record, or both. When the court elects to exercise this option, all concerned parties will be notified by the Clerk of Court. The appellant will be required to pay for any additional copies of the record required by the Court.

## H.  BRIEFS

1.  **Due Dates**

    (a)  In criminal cases, the briefing schedule will be set by the district court based on directions from this Court. An appellant's brief filed earlier than the due date in the schedule does not advance the due date for the appellee's brief. 9th Cir. R. 31-2.1. If a briefing schedule has not been set within fourteen days of the filing of a notice of appeal, parties in criminal cases should contact the District Court *and* the Court of Appeals.

    (b)  In civil cases, the briefing schedule will be set by the Court of Appeals at the time the appeal is docketed. An appellant's brief filed earlier than the due date in the schedule order does not advance the due date for the appellee's brief. 9th Cir. R. 31-2.1. If a briefing schedule is not received along with the notification that the case has been docketed, the parties should *immediately* contact the Court of Appeals.

    (c)  In civil cases in the mediation program, the briefing schedule set by the clerk at the time the case was docketed may be vacated and another schedule set by the mediator.

    (d)  Motions that stay briefing are listed at 9th Cir. R. 27-11.

2.  **Contents of Briefs**

    Briefs shall comply with the requirements of Fed. R. App. P. 28 and 32 and 9th Cir. R. 28 and 32.

3.  **Sanctions for Failure to Prosecute the Appeal**

    The parties are advised that failure to prosecute the appeal, particularly failure of the appellant to file a timely brief, may result in the issuance of an *order to show cause* in criminal cases and *will result in an automatic dismissal* of the appeal in civil cases. 9th Cir. R. 42-1 provides:

    > *When an appellant fails to file a timely record, pay the docket fee, file a timely brief, or otherwise comply with rules requiring processing the appeal for hearing, an order may be entered dismissing the appeal. In all instances of failure to prosecute an appeal to hearing as required, the court may take such other action as it deems appropriate, including imposition of disciplinary and monetary sanctions on those responsible for prosecution of the appeal.*

## I.  EXCERPTS OF RECORD

Five (5) separately-bound excerpts of record with white covers shall be filed at the time of the filing of appellant's initial brief. Each party shall be served with one copy. 9th Cir. R. 30-1. The excerpts are required in lieu of the appendix prescribed by Fed. R. App. 30. The specific contents and format of the excerpts are set forth at 9th Cir. R. 30-1.3 and 30-1.4. Note the required contents differs slightly for criminal and civil appeals. Appellees and appellants may file supplemental and further excerpts, respectively. 9th Cir. R. 30-1.6 and 1.7.

rev.1/05

In appeals from a district court decision reviewing agency actions, the excerpts of record shall include the items required by Circuit Rule 17-1.

In those unusual cases in which the total number of pages in the excerpts exceeds 300 pages, the excerpts shall be filed in multiple volumes, with each volume containing 300 pages or fewer.

## J.    COURT CALENDARS

Hearing notices for oral argument calendars are distributed approximately four to five weeks prior to the argument. Generally, cases are heard in the administrative unit from which they arise. Monthly calendars are held in San Francisco, Pasadena and Seattle. Portland calendars are at least every other month, depending on the caseload. The Court also hears argument twice a year in Honolulu and once a year in Anchorage.

Generally, cases will be set for oral argument about eight to twelve months following completion of briefing. The amount of time for oral argument is either 10 or 20 minutes per side, unless the Court directs otherwise.

No change of the date of location of oral argument will be made except by order of the court for good cause. Requests to continue an argument date filed within 14 days of the hearing will only be granted upon a showing of exceptional circumstances. 9th Cir. 34-2.

Oral argument is conducted in all cases unless all members of the panel agreed that the decisional process would not be significantly aided by oral argument. Fed. R. App P. 34.

U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

## APPELLATE PROCESSING SCHEDULE FOR NON-CRIMINAL CASES

(except direct petitions from
U.S. Administrative Agency Proceedings)

SUMMARY OF MAJOR EVENTS IN PROCESSING NON-CRIMINAL CASES
IN THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT

| No. | EVENT | WHO | WHEN* | COMMENTS |
|---|---|---|---|---|
| 1 | Filing of the Notice of Appeal | Appellant | Within 30 days from the entry of the U.S. District Court or Bankruptcy Appellate Panel judgment/order from which appeal is taken (60 days if U.S. Government is a party.) | This event starts the appeal. Notice of Appeal is filed in the U.S. District Court or Bankruptcy Appellate Panel. |
| 2 | Filing of Civil Appeals Docketing Statement | Appellant | With the filing of the Notice of Appeal. | The appellant must file this form which is used by the court to determine whether the case is to be included in the Conference Program. |
| 3 | Satisfaction of Court of Appeals Docket fee. FRAP 3(e) Circuit Rule 42-1 | Appellant | With the filing of the Notice of Appeal. (Notice of Appeal can be accepted by the trial court without payment of U.S. Court of Appeals docket fee. However, appeal may be dismissed if docket fee requirements are not satisfied.) | $250 docket and $5 appeal filing fees are paid to the Clerk of the U.S. District Court if the case arises in the district court or the Bankruptcy Appellate Panel in an appeal from the Panel. Fee must be paid unless: (1) an order granting IFP is filed; (2) the appellant is the U.S. Government. |
| 4 | Transmission of copy of Notice of Appeal and trial court docket sheet to Court of Appeals. FRAP 3(d) | Trial Court Clerk | Within 24 hours after filing of the Notice of Appeal. | If docket fee is not paid with the filing of the Notice of Appeal, the transmission must be made nevertheless. If the appeal is untimely and no motion to file late is tendered, it should be lodged or filed and counsel notified accordingly. The appeal can be forwarded with a simple statement that it was untimely tendered. |
| 5 | Docketing of case and transmission of docketing letter with case number to counsel/pro per litigants | Court of Appeals Clerk | Immediately upon receipt of Notice of Appeal from trial court clerk. | Parties should review docketing letter and furnish court reporter with Court of Appeal docket number when ordering transcript. |
| 6 | Order scheduling record and brief due dates | Court of Appeals Clerk | Immediately upon receipt of Notice of Appeal. Times may be tolled pending FRAP 4(a)(4) ruling in district court. | The parties are notified of due dates for perfecting the appeal. Parties must request and be granted an extension of time in order to change the dates for filing designations of the reporter's transcripts or the briefs. If the case is placed in the prebriefing conference program, the conference attorney may amend the briefing schedule. |
| 7 | Selection of portions of reporter's transcript necessary for appeal. FRAP 10(b) Circuit Rule 10-3.1(a) | Appellant | Within 10 days from the filing of the Notice of Appeal. Times may be tolled pending FRAP 4(a)(4) ruling in district court. | The appellant identifies the portions of the reporter's trial transcript deemed necessary for the appeal and notifies the appellee. |

* Times subject to change by court order.

| No. | EVENT | WHO | WHEN* | COMMENTS |
|---|---|---|---|---|
| 8 | Selection of portions of reporter's transcript necessary for appeal. FRAP 10(b) Circuit Rule 10-3.1(b) | Appellee | Within 10 days after service of the appellant's notice of transcripts to be designated or notice of non-intent to designate, or 30 days after filing the notice of appeal if notice is untimely served. Times may be tolled pending FRAP 4(a)(4) ruling in district court. | The appellee informs appellant of any additional portions of the transcript he/she deems necessary for the appeal. |
| 9 | Ordering reporter's transcript. FRAP 10(b); Circuit Rule 10-3(c) | Appellant | Within 10 days from the date of service of appellee's notice of additional transcript requested or within 30 days from the filing of the notice of appeal or by time schedule order. Late or supplemental designations of reporter transcripts should be accepted. The Circuit Court should be informed of the lateness and/or of the need for an order granting permission to file late or supplemental record. Times may be tolled pending FRAP 4(a)(4) ruling in district court. | The appellant must file with the clerk of the trial court a formal designation of the reporter's transcript for both the appellant and appellee. The appellant must simultaneously order and make arrangements for payment of the transcript with the court reporter. If no transcript will be ordered, appellant must formally notify the clerk of the trial court. |
| 10 | Notification of ordering of transcript Circuit Rule 10-3.1(c) | Appellant | Within 10 days from the date of service of appellee's notice of additional transcripts necessary or notice that no transcripts are requested, or 30 days from the filing of the notice of appeal or by order. Times may be tolled pending FRAP 4(a)(4) ruling in district court. | The appellant must notify the Court of Appeals that transcripts have been ordered or that no transcripts will be ordered at the same time the designation or non-designation is filed in the district court. |
| 11 | Notification of Ordering of Transcript | Court Reporter | Within 24 hours of receipt of order for transcript. | Within 24 hours of receipt of an order for transcript, the court reporter must formally advise the Court Reporter Coordinator that a transcript has been ordered. |
| 12 | Completion and Filing of Court Reporter's Trial Transcript with the Clerk of the Trial Court FRAP 11(b); Circuit Rule 11-1.1 | Court Reporter | Within 30 days of designation and order or according to time schedule order FRAP 11(b). | If the transcript cannot be completed by the initial filing date, the court reporter must file a motion for extension of time to complete the transcript with the U.S. Court of Appeals. COURT OF APPEALS FORM PREFERRED. |
| 13 | Submission of Certificate of Record Circuit Rule 11-2 | Trial Court | Upon the filing of all portions of the reporter's transcript ordered for the appeal, or upon receipt of a certificate from counsel that a trial transcript will not be ordered. | The certificate attests that the complete record is available for the purposes of the appeal. The actual record remains in the custody of the trial court clerk for use by the parties in preparing their briefs. In most cases the trial court clerk will submit the Certificate of Record on the same day that the reporter delivers the transcript to the clerk's office. The Certificate of Record is submitted to the Court of Appeals. |

* Times subject to change by court order.

| No. | EVENT | WHO | WHEN* | COMMENTS |
|---|---|---|---|---|
| 14 | Submission of Appellant's Opening Brief and Excerpt of Record FRAP and Circuit Rules 31 and 32 | Appellant | As set in time schedule order or by subsequent conference attorney or clerk order. | The brief and excerpt are filed with the Court of Appeals and served on the appellee by the appellant. |
| 15 | Submission of Appellee's Brief | Appellee | Within the time provided in the time schedule order. | The brief is filed with the Court of Appeals and served on the appellant. |
| 16 | Transmission of reporter's transcript and clerk's record on appeal Circuit Rule 11-4 | Trial Court Clerk | Reporter's transcript within 7 days after filing the appellee's brief. Clerk's record upon request. | See, generally, Circuit Rules 11-4, 11-5, 11-6. |
| 17 | Submission of Appellant's Reply Brief FRAP 31(a) | Appellant | Within 14 days after the service of appellee's brief or as set by order. | This brief is optional. |
| 18 | Calendaring | Court of Appeals Clerk | As calendar space is available. | The preliminary calendar is generated from a computer bank of available cases. Criminal, statutory priority and court expedited cases take precedence over regular civil cases. |
| 19 | Issuance of Hearing Notice | Court of Appeals Clerk | Approximately 5 weeks prior to hearing date. | Prompt acknowledgement is required. Parties will be advised when the court does not require oral argument. Names of panel judges are posted in the district court clerk's offices one week prior to the hearing. |
| 20 | Hearing. Circuit Rule 34 | Court of Appeals | As indicated on the Hearing Notice. | Counsel must be in courtroom no later than 30 minutes prior to the calling of the calendar. |
| 21 | Submission | Judges of the Court | As ordered by the panel judges. | Generally, submission is simultaneous with the close of hearing. Submission may be deferred pending receipt of additional information requested by the court. |
| 22 | Decision | Judges of the Court | Anywhere from several weeks to several months after submission. | Date of entry of judgment is the same as the file date of decision for the purpose of filing a petition for rehearing. |
| 23 | Filing of Petition for Rehearing (optional) FRAP 40 | "Losing" Party | Within 14 days after decision is filed or 45 days, if USA is a party. | |
| 24 | Issuance of Mandate FRAP and Circuit Rule 41 | Court of Appeals Clerk | 7 days after expiration of time for filing petition for rehearing or denial of the petition. | |
| 25 | Petition for Writ of Certiorari to U.S. Supreme Court | "Losing" Party | See, Supreme Court Rules. | |

* Times subject to change by court order.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
# NON-CRIMINAL CASE MANAGEMENT CHECKLIST
## FOR USE BY ATTORNEYS AND LITIGANTS

**Short Case Caption** _____ U.S.C.A. _____

| No. | EVENT | CURRENT DUE DATE | ACTUAL COMPLETION DATE |
|---|---|---|---|
| 1. | File Notice of Appeal | |_____| | |_____| |
| 2. | Appellant files civil appeals docketing statement, if applicable | |_____| | |_____| |
| 3. | Satisfy U.S. Court of Appeals docket fee | |_____| | |_____| |
| 4. | Transmit docket entries and Notice of Appeal | [from trial court clerk to U.S. Court of Appeals] | |
| 5. | Case docketed; docketing letter transmitted | [by clerk, U.S. Court of Appeals] | |
| 6. | Briefing schedule order filed and transmitted | [by clerk, U.S. Court of Appeals] | |
| 7. | Appellant identifies portions of transcript necessary for appeal and notifies Appellee; or notifies Appellee that no transcripts are requested | |_____| | |_____| |
| 8. | Appellee selects portions of transcript necessary for appeal and notifies Appellant | |_____| | |_____| |
| 9. | Appellant designates and orders all portions of transcript necessary for appeal or notifies district court no transcripts will be ordered | |_____| | |_____| |
| 10. | Appellant notifies U.S. Court of Appeals that transcript has been ordered or no transcript will be ordered. | |_____| | |_____| |
| 11. | Notification of transcript ordering | [by court reporter] | |
| 12. | Completion and filing of court reporter's transcript | [by court reporter] | |
| 13. | Submission of certificate of record | [by trial court clerk] | |
| 14. | Submission of Appellant's opening brief and excerpt of record | |_____| | |_____| |
| 15. | Submission of Appellee's brief | |_____| | |_____| |
| 16. | Transmission of reporter's transcript and if requested, the clerk's record on appeal | [by trial court clerk] | |
| 17. | Submission of Appellant's reply brief (optional) | |_____| | |_____| |
| 18. | Calendaring | |_____| | |_____| |
| 19. | Issuance of hearing notice | [by clerk, U.S. Court of Appeals] | |
| 20. | Hearing | |_____| | |_____| |
| 21. | Submission | |_____| | |_____| |
| 22. | Decision | |_____| | |_____| |
| 23. | Filing of petition for rehearing (optional) | |_____| | |_____| |
| 24. | Issuance of mandate | |_____| | |_____| |
| 25. | Petition for writ of certiorari (to U.S. Supreme Court) | |_____| | |_____| |