IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GILBERT GITHERE, ) | CV NO 04-00116 DAE-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CONSOLIDATED AMUSEMENT ) | |
| CORPORATION, LTD.; ALOHA ) | |
| STADIUM AUTHORITY, INC.; and ) | |
| JOHN TELLIS, General Manager, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF
EXECUTION OF COSTS BILLED PENDING APPEAL

The Court heard Plaintiff's Motion on February 24, 2006.  Andre S. Wooten, Esq., appeared at the hearing on behalf of Plaintiff; Tamara M. Gerrard, Esq., appeared at the hearing on behalf of Defendants.  After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motion For Stay of Execution of Collection of Costs Billed Pending Appeal.

BACKGROUND

On July 26, 2005, judgment was entered in favor of all named defendants in the instant case.  On August 25, 2005, Plaintiff Gilbert Githere

("Plaintiff") filed a Notice of Appeal to the Ninth Circuit. A bill of costs was taxed against Plaintiff in the amount of $4,495.01 on September 6, 2005.

On December 23, 2005, Plaintiff filed a Motion For Stay of Execution of Collection of Costs Billed Pending Appeal ("Motion"). Defendants Consolidated Amusement Company, Ltd. and John Tellis (collectively "Defendants") filed their Memorandum in Opposition to Plaintiff's Motion ("Opposition") on February 6, 2006.

## DISCUSSION

Plaintiff moves for a stay of execution of the collection of costs taxed him pending his appeal with the Ninth Circuit. Plaintiff argues that he, as a small independent businessman would be highly burdened by having to pay the costs. Moreover, he asserts that payment of the costs "would distinctly and directly hamper [his] ability to continue to do business and prosecute his appeal and deprive him of the resources to do so and, therefore, limit his constitutional rights to petition for redress of the violation of his constitutional rights in the court." (Decl. of Counsel at ¶ 6.)

Defendants counter that Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure ("FRCP") 62(d) because he has not posted a supersedeas bond. Defendants argue that this means that Plaintiff is

not entitled to a stay as a matter of right.  Defendants additionally assert that the Court should neither 1) waive the requirement because Plaintiff's situation does not fall into those categories where waiver is appropriate nor 2) grant the Motion because Plaintiff has failed to provide an adequate justification for his need of a stay of execution.   Lastly, Defendants note that the Court should deny the Motion because Plaintiff has failed to proceed with his appeal.[1]

> FRCP 62(d) provides:
>
> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d).  FRCP 62(d) requires the posting of a supersedeas bond to obtain a stay on appeal.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1477 (9th Cir. 1992).  This requirement "ensures that the appellee will be able to collect the judgment (plus interest) should the court of appeals affirm the judgment."  U.S. v. Boyce, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001) (citing Rachel v. Banana Republic, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)).  "The district court has the discretion to waive this requirement, but waiver is appropriate only if

---

[1] Since Defendants filed its Opposition, Plaintiff filed his Opening Brief with the Ninth Circuit on February 13, 2006.

the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." In re Carlson, 224 F.3d 716, 719 (7th Cir. 2000).  Other factors justifying waiver include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Boyce, 148 F. Supp. 2d at 1096 (quoting Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

In this case, Plaintiff has not posted a supersedeas bond as required by FRCP 62(d) to obtain a stay pending appeal.  Therefore, he is not entitled to a stay as a matter of right.  The Court will also consider, however, whether Plaintiff is entitled to a waiver of the bond requirement in light of the circumstances that he has presented in his Motion.  As already discussed, Plaintiff argues that it would be a hardship to require him to pay the costs taxed against him.  This justification does not fall within the scope of circumstances in which waiver is proper.  In fact, Plaintiff's assertions cut against him.  By arguing that he cannot currently afford to

pay the bill of costs, Plaintiff is not at all demonstrating an ability to pay the costs - a factor that permits the Court to waive the bond requirement. Plaintiff has not provided the Court with any evidence to suggest that he has the ability to pay the costs in the event the appeal is unsuccessful. Rather, the whole premise of his argument is that payment of the costs would be burdensome. Given that Plaintiff has not posted a bond or presented any justification for waiver of the bond requirement, the Court DENIES his Motion.

### CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion For Stay of Execution of Collection of Costs Billed Pending Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2006.



_____
David Alan Ezra
United States District Judge

Gilbert Githere v. Consolidated Amusement Corp., Ltd., et al., CV No. 04-00116 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF EXECUTION OF COLLECTION OF COSTS BILLED PENDING APPEAL