UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT GITHERE,<br>    Plaintiff - Appellant,<br><br>V.<br><br>CONSOLIDATED AMUSEMENT CORPORATION INC.; et al.,<br>    Defendants - Appellees,<br><br>And<br><br>ALOHA STADIUM AUTHORITY INC.,<br>    Defendant. | No. 05-16738<br>D.C. No. CV-04-00116-DAE<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/05/07

FILED

DEC 05 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT GITHERE, | No. 05-16738 |
| Plaintiff - Appellant, | D.C. No. CV-04-00116-DAE |
| v. | |
| CONSOLIDATED AMUSEMENT CORPORATION INC.; JOHN TELLIS, General Manger of Consolidated Amusement Inc., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| ALOHA STADIUM AUTHORITY INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted October 19, 2007**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: ROTH***, THOMAS, and CALLAHAN, Circuit Judges.

Gilbert Githere appeals the district court's decision to grant the Consolidated Defendants' motion for summary judgment and the Aloha Stadium Authority Defendants' motion to dismiss his second amended complaint. He further appeals the district court's grant of summary judgment before discovery was complete. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

"A district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) is reviewed *de novo*." *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004). We construe the facts "in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

We review a district court's decision to grant a motion for summary judgment *de novo*. *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). "The moving party bears the initial burden to demonstrate the absence of any genuine

---

*** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). After the moving party has met this initial burden, the nonmoving party cannot defeat the motion by merely relying on the allegations in the pleadings but must "go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial.'" *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (quoting FED. R. CIV. P. 56(e)).

Githere failed to meet his burden of alleging facts sufficient to defeat a motion to dismiss, and he failed to meet his burden of going beyond his pleadings to allege specific facts to support his claim that there was a material issue of fact sufficient to preclude summary judgment.

Githere's claims under Title III of the Americans with Disabilities Act (the "ADA") fail because the only remedy available under Title III of the ADA is injunctive relief. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Githere admitted that the Stadium Authority gave him permission to park near his booth the week after his car was towed. Moreover, he has been allowed to resume participation in the swap meet and does not allege any continued parking difficulties at the Aloha Stadium. As to the Consolidated Defendants, Githere's ADA claims are also moot because Consolidated no longer operates the Aloha

3

Stadium Swap Meet. Because injunctive relief is inappropriate under these circumstances, Githere's ADA claims fail.

Githere did not alleged facts sufficient to support his claims of race discrimination against the Aloha Stadium Authority. Githere did not adequately connect the Aloha Stadium Authority to his claims of race discrimination. He alleged that a Stadium Authority employee, at the direction of a Consolidated employee, called a tow truck to remove Githere's car, and he alleged that the Stadium Authority controls the parking. Even if these factual allegations are accepted, Githere has not proffered any factual allegations that suggest that the Aloha Stadium Authority had any racial motivation or that might allow a trier of fact to so infer.

Even accepting his presentation of the facts as true, Githere's claims of race discrimination against Consolidated also fail. Githere's 42 U.S.C. § 1981 claim fails because Consolidated had a legitimate nondiscriminatory reason for banning him from the swap meet. Because Consolidated presented evidence that it had a legitimate nondiscriminatory reason for its action, the burden shifted to Githere to present facts sufficient to show that the nondiscriminatory reason was a pretext for discrimination. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1147-48 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)).

Githere does not state a prima facie case of race discrimination or deprivation of a right under 42 U.S.C. sections 1982, 1983, 1985, 1986 or 2000d. Rather, he relies on the bare allegations of his complaint, which is insufficient to defeat a motion for summary judgment. *Far Out Productions*, 247 F.3d at 997 (holding that the nonmoving party may not defeat a summary judgment motion by standing on the bare allegations in the pleadings). Additionally, none of Consolidated's conduct, as alleged by Githere, is "fairly attributable to the State" as required to state a section 1983 action under *Rendall-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (internal quotation marks omitted). Thus, the district court correctly concluded that there was no genuine issue of material fact as to any of Githere's claims.

Githere has not shown that the district court's decision to grant summary judgment before discovery was complete prejudiced him. The courts will only find an "abuse of discretion if the movant diligently pursued its previous discovery opportunities, and can demonstrate that allowing additional discovery would have precluded summary judgment." *Bank of America, NT & SA v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999). Githere failed to explain how the limited documents that the magistrate ordered produced would have supported any of his claims and

precluded summary judgment. Therefore, his claim that the district court erred in granting summary judgment before the completion of discovery fails.

For the foregoing reasons, the district court's decision to grant the Aloha Stadium Authority's motion to dismiss and Consolidated's motion for summary judgment against Githere is **AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 27 2007

by: Ruben Talavera
Deputy Clerk

```
                                                                    NOA PRE-EXIST
                                                                           i
INTERNAL USE ONLY: Proceedings include all events.
05-16738 Githere v. Consolidated Amusem, et al

GILBERT GITHERE                        Andre S. Wooten, Esq.
     Plaintiff - Appellant             808/545-4165
                                       [COR LD NTC ret]
                                       1188 Bishop Street
                                       Suite 1909
                                       Honolulu, HI 96813


     v.

CONSOLIDATED AMUSEMENT              Richard Rand, Esq.
CORPORATION INC.                    FAX 808/536-6700
     Defendant - Appellee           808/536-4900
                                    [COR LD NTC ret]
                                    MARR HIPP JONES & WANG, LLP
                                    Pauahi Tower
                                    1001 Bishop St.
                                    Honolulu, HI 96813

ALOHA STADIUM AUTHORITY INC.        John M. Cregor, Jr., Esq.
     Defendant                      FAX 808/586-1808
                                    808/586-1300
                                    [COR LD NTC dag]
                                    AGHI - OFFICE OF THE HAWAII
                                    ATTORNEY GENERAL
                                    425 Queen St.
                                    Honolulu, HI 96813

JOHN TELLIS, General Manger of      Richard Rand, Esq.
Consolidated Amusement Inc.         (See above)
     Defendant - Appellee           [COR LD NTC ret]
```